■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMA T. SHCHERENKOV, Also Known as TIMOFEY SHCHERENKOV, Appellant. [799 NYS2d 663]—

Mugglin, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered April 14, 2004, convicting defendant following a nonjury trial of the crimes of driving while ability impaired by alcohol and aggravated unlicensed operation of a motor vehicle in the first degree.

City of Ithaca Police Officer Derrick Moore stopped an automobile being driven the wrong way on a one-way street. During the ensuing conversation, Moore determined that the driver was intoxicated. When Moore reentered his police vehicle to move it because it was blocking traffic, the driver of the stopped vehicle restarted the engine and left the scene. Moore

found the vehicle, empty and parked in a bus stop, three blocks away. Immediately Moore observed defendant walking a short distance from the vehicle and arrested him for driving while intoxicated. Following a bench trial, defendant was convicted of driving while ability impaired by alcohol and aggravated unlicensed operation of a motor vehicle in the first degree. Defendant now appeals.

Although Moore had no difficulty identifying defendant at trial, his testimony that defendant was wearing a necktie when arrested conflicted with his police report. When he was booked, the police took two full-length frontal digital photographs of defendant. One was cropped to show only the face, as required by the regulations of the Division of Criminal Justice Services. The other was destroyed. This routine police practice gives rise to defendant's sole appellate claim that the full frontal photograph depicting his clothing was potentially exculpatory and failure of the police to preserve it was a *Brady* violation.

The photographs in question are clearly discoverable (*see generally* CPL 240.20) and, thus, failure to disclose can warrant the imposition of a sanction (*see* CPL 240.70; *People v Jenkins*, 98 NY2d 280, 284 [2002]). The type of sanction is left to the sound discretion of the court, after weighing prejudice to defendant against the interests of society. On this record, we find no basis to disturb County Court's discretionary determination to impose no sanction. First, the absence of a necktie in the photograph would not exculpate defendant, as such a discrepancy is material only to the officer's credibility, an issue to be resolved by the trier of fact. Second, defendant made no specific demand for the preservation of these photographs (*see People v Johnson*, 239 AD2d 361, 361-362 [1997], *lv denied* 90 NY2d 1012 [1997]). Third, the destruction and cropping of these photographs occurred as a direct result of routine procedure in the City of Ithaca Police Department, precluding any inference of bad faith on the part of the police or prosecution (*see People v Barber*, 247 AD2d 485, 485 [1998], *lv denied* 91 NY2d 1005 [1998]).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.