[920 NE2d 929, 892 NYS2d 822]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD McNAIR, Appellant.

Argued September 17, 2009; decided October 22, 2009

### APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Paul Wiener* and *Steven Banks* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Marc Krupnick* and *Frank Glaser* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant pleaded guilty to one count of forgery in the second degree in violation of Penal Law § 170.10 (1) relative to his execution of an application to open a joint bank account. On appeal, defendant claims that the trial court erred in accepting his plea because his statements to the court negated the element of intent to defraud. Defendant neither moved to withdraw his plea nor to vacate the judgment of conviction; rather, he sought to challenge the sufficiency of the plea allocution for the first time on direct appeal. In doing so, he seeks to invoke the "narrow exception" to the preservation requirement delineated in *People v Lopez* (71 NY2d 662 [1988]). That exception applies only "[i]n that rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," thereby imposing on the trial court "a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (*id.* at 666 [citations omitted]). When such a situation arises, if the trial court accepts the plea without conducting the required further inquiry, a defendant is entitled to challenge the allocution's sufficiency on direct appeal, even if the defendant fails to make a postjudgment motion (*id.*).

We agree with defendant that, during the plea allocution, he initially made remarks that "cast significant doubt" on his guilt concerning the element of intent to defraud, thereby triggering the trial court's duty to conduct a further inquiry to ensure

that defendant's plea was knowingly and voluntarily made. The plea minutes demonstrate that the trial court properly conducted such an inquiry and found that defendant possessed the necessary criminal intent to defraud. Having failed to move thereafter to withdraw his plea, defendant waived any further challenge to the allocution, and thus no issue is preserved for our review (see Lopez, 71 NY2d at 668).

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order affirmed in a memorandum.