■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINA KRASSO, Appellant. [898 NYS2d 843]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered October 24, 2008, convicting defendant, upon her plea of guilty, of four counts of criminal possession of a forged instrument in the second degree, and sentencing her, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw her guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (*People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). The record establishes that the plea was voluntary, and that no hearing was necessary. Defendant's claim that her plea was induced by an off-the-record promise by her attorney was contradicted by the thorough plea colloquy. We have considered and rejected defendant's challenges to the procedures employed by the court in determining the motion.

Since defendant's additional argument concerning the factual recitations in her plea allocution was not raised in her plea withdrawal motion, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), that challenge to the plea is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

There was nothing in the plea allocution that cast significant doubt on defendant's guilt (*see People v Toxey*, 86 NY2d 725 [1995]). When, during the plea colloquy, defendant made statements that could be viewed as exculpatory, the court made careful inquiries that made clear she was admitting her guilt (*see People v McNair*, 13 NY3d 821 [2009]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Acosta, DeGrasse and Richter, JJ.