# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**651**
**KA 11-01221**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES M. BONACCI, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY A. GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered May 13, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree and driving while ability impaired by drugs.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the third degree (Penal Law § 165.50) and driving while ability impaired by drugs ([DWAI] Vehicle and Traffic Law § 1192 [4]). Although defendant "initially made remarks [during the plea allocution] that 'cast significant doubt' on his guilt" on the DWAI charge, "thereby triggering the trial court's duty to conduct a further inquiry to ensure that defendant's plea was knowingly and voluntarily made" (*People v McNair*, 13 NY3d 821, 822-823), we conclude that Supreme Court properly conducted such an inquiry and that "defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (*People v Ocasio*, 265 AD2d 675, 677-678; *see McNair*, 13 NY3d at 823; *People v Stepney*, 273 AD2d 841, 841, *lv denied* 95 NY2d 939). In view of our determination with respect to the DWAI conviction, we reject defendant's further contention that his conviction of criminal possession of stolen property must be reversed because his guilty plea was induced by a sentence promise for both crimes (*see generally People v Pichardo*, 1 NY3d 126, 129).

Entered: July 3, 2014                                 Frances E. Cafarell
                                                      Clerk of the Court