## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 2, 2015                106217
                                                  106539

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                              MEMORANDUM AND ORDER

DAVID R. LANG,
                    Appellant.
_____


Calendar Date:  February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

                    _____


        Tendy Law Office, LLC, New York City (Sheila Tendy of
counsel) and Dechert, LLP, New York City (James M. McGuire of
counsel), for appellant.

        Kristy L. Sprague, District Attorney, Elizabethtown (James
E. Martineau Jr. of counsel), for respondent.


                    _____


Egan Jr., J.

        Appeals (1) from a judgment of the County Court of Essex
County (Meyer, J.), rendered August 8, 2013, convicting defendant
upon his plea of guilty of the crime of manslaughter in the first
degree, and (2) by permission, from an order of said court,
entered March 6, 2014, which denied defendant's motion pursuant
to CPL 440.10 to vacate the judgment of conviction, without a
hearing.

        Defendant was indicted and charged with murder in the
second degree and criminal possession of a weapon in the fourth
degree following a June 19, 2012 incident at a farm in the Town

of Crown Point, Essex County wherein defendant, then 70 years old, fatally shot his brother in the head with a rifle. Following the incident, defendant called 911, reported the shooting and openly admitted to the 911 dispatcher that he was the perpetrator. When the dispatcher inquired as to whether defendant had been drinking, defendant replied, "Of course I've been drinking. . . . I drink every God damn day!" Defendant was taken into custody by state troopers responding to the 911 call and, later that same day, was arraigned in Crown Point Town Court, at which time the Town Judge indicated that he would "re-arraign" defendant the following day due to defendant's apparent level of intoxication.

Following indictment by an Essex County grand jury, the matter was scheduled for a trial to commence on July 8, 2013. In May 2013, defendant and counsel were apprised of the possibility that defendant's trial might be moved up to June 10, 2013 due to the adjournment of another trial. In response, defense counsel advised County Court of his intention to seek an adjournment based upon, among other things, the unavailability of an expert witness. When the parties appeared before County Court on June 5, 2013 for a conference, County Court indicated that it indeed intended to move up defendant's trial to the following week. Defense counsel objected and requested an adjournment, again citing the unavailability – due to this new trial date – of an expert witness relative to defendant's intoxication defense. County Court thereafter engaged in an extended discussion with defense counsel with respect to the asserted intoxication defense – essentially taking the position that, unless counsel could persuade the court that defendant had a viable defense in this regard, no adjournment was warranted. In so doing, County Court compelled defense counsel to lay bare his proof in this regard and thereafter expressed serious misgivings as to the merits and/or viability of the subject defense.

Following a brief off-the-record discussion, the conference resumed, at which time County Court then inquired as to whether the People had extended a plea offer. A discussion as to the possible sentencing parameters ensued and, following another break in the proceedings, defendant returned to the courtroom and

pleaded guilty to manslaughter in the first degree in full satisfaction of the indictment and waived his right to appeal. During the course of the plea colloquy, County Court recited the elements of manslaughter in the first degree and asked defendant whether it was true that, with intent to cause serious physical injury, he caused the death of his brother, to which defendant responded, "To the best of my recollection it is, sir." County Court thereafter sentenced defendant to 15 years in prison followed by five years of postrelease supervision. Defendant's subsequent CPL article 440 motion to vacate the judgment of conviction was denied, and he now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.

Preliminarily, the claims raised by defendant in the context of his CPL article 440 motion — namely, that his plea was coerced and/or otherwise involuntary — are reviewable upon defendant's direct appeal from the judgment of conviction and, hence, are not the proper subject of such a motion (see People v Hillriegel, 78 AD3d 1381, 1382 [2010]; People v Lagas, 49 AD3d 1025, 1026 [2008], lvs denied 10 NY3d 859, 866 [2008]). Turning to the merits, defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal but is unpreserved for our review in the absence of a motion to withdraw his plea (see People v Jackson, 119 AD3d 1288, 1288 [2014]). That said, we nonetheless are persuaded that the narrow exception to the preservation requirement was triggered here, as defendant's qualified response — "[t]o the best of my recollection" — to County Court's key question during the course of the plea allocution cast doubt upon his guilt and/or otherwise called into question the voluntariness of his plea, thereby obligating County Court to undertake further inquiry prior to accepting defendant's plea (compare People v Duggins, 114 AD3d 1001, 1002 [2014], lvs denied 23 NY3d 961, 962 [2014]; People v Morgan, 84 AD3d 1594, 1594 [2011], lv denied 17 NY3d 819 [2011]; People v Beach, 306 AD2d 753, 754 [2003]) — particularly in view of the transcripts of the 911 call, wherein defendant clearly indicated that he had been drinking on the day of the shooting, and defendant's Town Court arraignment, wherein the Town Judge expressed concerns regarding defendant's ability to understand

the charges against him due to his apparent level of intoxication. We also find merit to defendant's claim that his plea was coerced. As noted previously, defendant entered his plea of guilty in response to the prospect of proceeding to trial within a matter of days and without an expert witness, and such plea was entered on the heels of County Court's questionable, pretrial analysis as to the viability of defendant's asserted intoxication defense.[1] Under these circumstances, we are unable to conclude that defendant's guilty plea was knowing, intelligent and voluntary. Accordingly, the judgment of conviction is reversed and defendant's plea is vacated.

Lahtinen, J.P., McCarthy and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] County Court admittedly did not deny defendant's request for an adjournment, but the court nonetheless made clear that it would grant such a request only if defendant could demonstrate that he had a viable intoxication defense. Absent a viable defense, County Court reasoned, there was no need for an expert witness and, hence, no need for an adjournment.