# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

656

KA 16-00869

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GREGORY J. VOGT, DEFENDANT-APPELLANT.

---

LAW OFFICES OF MATTHEW J. RICH, P.C., ROCHESTER (MATTHEW J. RICH OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered June 8, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). Defendant's contention that his plea was not knowingly, voluntarily and intelligently entered is not preserved for our review because defendant "did not move to withdraw the plea or to vacate the judgment of conviction" (*People v Laney*, 117 AD3d 1481, 1482), but we agree with defendant that his recitation of the facts underlying the charge cast significant doubt upon his guilt insofar as it negated the element of intent, and thus this case "falls within the narrow exception to the preservation requirement" (*People v Bertollini* [appeal No. 2], 141 AD3d 1163, 1164). Nevertheless, we affirm, inasmuch as County Court conducted the requisite inquiry to ensure that defendant's plea was knowing and voluntary (*see People v Lopez*, 71 NY2d 662, 666). Here, while defendant's initial statements regarding his intent to injure the victim " 'trigger[ed] the trial court's duty to conduct a further inquiry to ensure that defendant's plea was knowingly and voluntarily made' " (*People v Bonacci*, 119 AD3d 1348, 1349, *lv denied* 24 NY3d 1042, quoting *People v McNair*, 13 NY3d 821, 822-823), we conclude that the court "properly conducted such an inquiry and that 'defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt' " (*id.; see People v Ocasio*, 265 AD2d 675, 677-678). Contrary to defendant's further contention, the court had no duty to engage in an additional inquiry regarding a possible justification defense. " '[N]othing [defendant] said [during the plea colloquy] raised the possibility of a viable

justification defense' " (*People v Manor*, 121 AD3d 1581, 1582, *affd* 27 NY3d 1012; *see People v Wilson*, 107 AD3d 532, 532, *lv denied* 22 NY3d 1160, *reconsideration denied* 23 NY3d 1069; *cf. People v Ponder*, 34 AD3d 1314, 1315), and the court "had no duty to conduct an inquiry concerning the potential defense of [justification] based upon comments made by defendant during the . . . sentencing proceeding" (*People v Phillips*, 30 AD3d 911, 911, *lv denied* 7 NY3d 869).

Entered:  May 5, 2017                    Frances E. Cafarell
                                         Clerk of the Court