■ The People of the State of New York, Respondent, v Jovan T. Gresham, Appellant. [57 NYS3d 532]—

Clark, J. Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered June 4, 2013, convicting defendant upon his plea of guilty of the crimes of assault in the first degree and criminal possession of a weapon in the second degree (two counts).

Following a March 2011 incident in which defendant allegedly fired shots outside of a restaurant, police issued an attempt to locate bulletin to all patrol units, with a copy of defendant's photograph attached. Defendant was apprehended weeks later and a search of his person incident to his arrest revealed a loaded firearm. Defendant was thereafter charged in an eight-count indictment with attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (five counts). The charges of attempted murder, assault and two of the five counts for possession of a weapon arose out of a February 2010 incident in which defendant allegedly shot another individual in the bathroom of the same restaurant where he allegedly fired shots in March 2011, while the remaining charges arose out of the March 2011 incident and the discovery of a handgun during the search incident to his arrest. Following a combined suppression hearing, County Court denied defendant's motion to suppress the handgun. Thereafter, in full satisfaction of the indictment, defendant pleaded guilty to assault in the first degree and two

counts of criminal possession of a weapon in the second degree (counts 6 and 7). Defendant was thereafter sentenced, in apparent accordance with the plea agreement, to an aggregate prison term of eight years, with five years of postrelease supervision. Defendant now appeals.

Initially, County Court did not err in receiving into evidence at the suppression hearing the attempt to locate bulletin and an attached photograph of defendant. As established at the suppression hearing, although the police did not, pursuant to routine procedure, retain the original bulletin and attached photograph, the photograph in evidence was a printout of the same digital photograph that was printed and attached to the original bulletin. There is no indication that defendant specifically demanded the original printout of the digital photograph, and defense counsel conceded at the suppression hearing that his objections went to weight, rather than admissibility. While defendant asserts on appeal that County Court should have drawn an adverse inference against the People based on the failure to preserve the original printout, defendant did not request at the hearing that the court draw such an adverse inference. Moreover, even assuming that this permissive adverse inference is warranted at a suppression hearing, we discern no error, given the absence of any prejudice to defendant (see generally People v Durant, 26 NY3d 341, 347-348 [2015]; People v Handy, 20 NY3d 663, 667-669 [2013]; People v Shcherenkov, 21 AD3d 651, 652 [2005]).

We are also unpersuaded by defendant's contention that County Court should have suppressed the evidence found on his person because the police lacked probable cause to issue the attempt to locate bulletin and to thereafter arrest him in reliance on that bulletin. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer . . . in possession of information sufficient to constitute probable cause for the arrest" (People v Ketcham, 93 NY2d 416, 419-420 [1999] [internal quotation marks and citations omitted]; see People v Dowling, 75 AD3d 838, 840 [2010], lv denied 15 NY3d 952 [2010]).

Here, the restaurant owner and her daughter reported to the responding police officer that they had refused defendant—whom they knew as "Juice"—entry into the restaurant on March 17, 2011. The daughter reported that defendant became angry, shouted profanities, "flashed a gun" and told people to "move out [of] the way" and that, when she returned to the

restaurant, she heard shots fired. The responding police officer testified that he thereafter asked his fellow police officers if they knew of any person with the street name of "Juice" and that he was later provided with a photograph of defendant. He stated that he compared defendant's photograph to surveillance footage from outside the restaurant, which corroborated the daughter's account, and concluded that the person depicted was defendant. He also testified that he showed defendant's photograph to the restaurant owner and her daughter, who each confirmed that defendant was the individual they knew as Juice. In view of the foregoing, County Court properly concluded that the responding police officer had probable cause to issue the attempt to locate bulletin with defendant's photograph attached, and that the subsequent arrest of defendant by another officer in reliance upon the bulletin was proper under the fellow officer rule (*see People v Ketcham*, 93 NY2d at 419-420; *People v Ramirez-Portoreal*, 88 NY2d 99, 113-114 [1996]; *People v Garcia*, 131 AD3d 732, 734 [2015], *lv denied* 27 NY3d 997 [2016]). As the search of defendant's person was incident to his lawful arrest, County Court properly denied defendant's motion to suppress the loaded handgun found in his waistband (*see People v Cruz*, 131 AD3d 724, 725-726 [2015], *lv denied* 26 NY3d 1087 [2015]; *People v Tunstall*, 278 AD2d 585, 587 [2000], *lv denied* 96 NY2d 788 [2001]).

Next, defendant argues that his guilty plea was not knowing, voluntary and intelligent. During the plea allocution, defendant admitted the conduct charged in each count, as read by County Court, and entered a guilty plea as to each. Contrary to his claims, defendant was not required to recite each element of the crimes or provide a further factual recitation, as " 'his affirmative responses to County Court's questions established the elements of the crime[s] charged' " (*People v Koechel*, 132 AD3d 1020, 1021 [2015], *lv denied* 27 NY3d 1070 [2016], quoting *People v Campbell*, 66 AD3d 1059, 1060 [2009]; *see People v Charleston*, 142 AD3d 1248, 1249 [2016]).

However, as the People concede, defendant made statements at sentencing that cast doubt upon his guilt and the voluntariness of his plea, and County Court failed to satisfy its duty of engaging in a further inquiry to ensure that defendant's guilty plea was knowing and voluntary. "Although there is no mandatory catechism required on sentencing, the [trial] court should conduct a hearing when at plea-taking *or upon sentencing* it appears the defendant misapprehends the nature of the charges or the consequences of [the] plea" (*People v Beasley*, 25 NY2d 483, 488 [1969] [emphasis added and citation omitted];

*see People v Pastor*, 28 NY3d 1089, 1090-1091 [2016]; *People v Lopez*, 71 NY2d 662, 666-667 [1988]). In addition, while the issue most often arises during the plea allocution (*see People v McNair*, 13 NY3d 821, 822-823 [2009]; *People v Lopez*, 71 NY2d at 665; *People v Mills*, 146 AD3d 1173, 1174 [2017]), the Court of Appeals has recognized that a defendant may negate an element of the crime to which a plea has been entered or make a statement suggestive of an involuntary plea at postplea proceedings, including sentencing, which may require the trial court to then conduct a further inquiry or give the defendant an opportunity to withdraw the plea (*see People v Pastor*, 28 NY3d at 1090-1091; *People v McKennion*, 27 NY2d 671, 672-673 [1970]; *People v Beasley*, 25 NY2d at 488; *People v Nixon*, 21 NY2d 338, 350-351, 355 [1967], *cert denied* 393 US 1067 [1969]; *see also People v Neithardt*, 127 AD3d 1502, 1503 [2015]; *People v Karolys*, 85 AD3d 1213, 1213 [2011], *lv denied* 17 NY3d 818 [2011]; *People v Good*, 83 AD3d 1124, 1125-1126 [2011], *lv denied* 17 NY3d 816 [2011]; *People v Wagoner*, 30 AD3d 629, 629-630 [2006]).

At sentencing, defendant stated, "I just want to apologize to the [c]ourt for wasting the [c]ourt's time. I never meant to hurt anyone. Wrong place at the wrong time, and I made a mistake." It is unclear whether defendant's remarks were in reference to the 2010 incident giving rise to the assault charge or the 2011 shooting incident outside the restaurant. However, when confronted by County Court with the fact that he had pleaded guilty to assault in the first degree, which requires intent to cause serious physical injury to another person (*see* Penal Law § 120.10 [1]), defendant asserted that it was his deceased friend who "actually did the shooting" and that he "was at the wrong place at the wrong time." County Court recognized that defendant was denying the intentional assault, but it made no further inquiry. County Court proceeded to sentencing without providing defendant with an opportunity to withdraw his guilty plea. This was error. Although defendant did not preserve his challenge to the voluntariness of his plea by making a motion to withdraw his plea, his statements at sentencing triggered the exception to the preservation requirement (*see People v Williams*, 27 NY3d 212, 219-220 [2016]; *cf. People v Pastor*, 28 NY3d at 1090-1091; *People v McNair*, 13 NY3d 821, 822-823 [2009]; *People v Louree*, 8 NY3d 541, 545 [2007]). Accordingly, defendant's guilty plea must be vacated (*see People v Marrero*, 130 AD3d 1148, 1149 [2015]; *People v Morehouse*, 109 AD3d 1022, 1022-1023 [2013]). While defendant's remarks did not necessarily implicate all of the crimes to which he pleaded guilty, because it was an integrated plea agreement with a

promised aggregate sentence, the judgment must be reversed in its entirety (*see People v Henry*, 133 AD3d 1085, 1087 [2015]; *People v Peterson*, 124 AD3d 993, 994 [2015]).

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.