People v Chin (2018 NY Slip Op 02363)





People v Chin


2018 NY Slip Op 02363


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

107418

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
COLIN M. CHIN, Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Nicole Romano of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 20, 2015, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree. In satisfaction thereof, he pleaded guilty to attempted assault in the second degree and was sentenced to time served. Defendant now appeals.
Defendant contends that his guilty plea was not knowing, voluntary and intelligent and that he should have been given an
opportunity to withdraw his guilty plea based upon a statement that he had made at sentencing that raised the potential defense of justification. Although the record does not disclose that defendant made the appropriate postallocution motion required of him to adequately preserve this claim for our review (see People v Horton, 140 AD3d 1525, 1525 [2016]; People v Morgan, 84 AD3d 1594, 1594 [2011], lv denied 17 NY3d 819 [2011]), we find that defendant made statements at sentencing that cast doubt upon his guilt and the voluntariness of his plea, thus triggering the narrow exception to the preservation requirement and imposing a duty upon County Court "to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Busch-Scardino, 158 AD3d 988, 989 [2018]; People v Lang, 127 AD3d 1253, 1255 [2015]; People v Morehouse, 109 AD3d [*2]1022, 1022 [2013]). A trial court "'should conduct a hearing [or further inquiry] when at plea-taking or upon sentencing it appears the defendant misapprehends the nature of the charges or the consequences of [the] plea'" (People v Gresham, 151 AD3d 1175, 1177 [2017], quoting People v Beasley, 25 NY2d 483, 488 [1969]; see People v McKennion, 27 NY2d 671, 672-673 [1970]). In addition, statements made by a defendant that negate an element of the crime to which a plea has been entered, raise the possibility of a justification defense or otherwise suggest an involuntary plea "require[s] the trial court to then conduct a further inquiry or give the defendant an opportunity to withdraw the plea" (People v Gresham, 151 AD3d at 1178; see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v McKennion, 27 NY2d at 672-673; People v Herrera, 150 AD3d 625, 625 [2017], lv denied 29 NY3d 1127 [2017]).
At sentencing, defendant stated, "I was sorry that the person got hurt. I didn't mean to hurt him. I was just trying to protect my family inside my home." When confronted by County Court with the fact that he had allocuted during the plea colloquy that he intended to hurt the victim, defendant stated, "I was scared, so I intend[ed] to hurt him." Without any further inquiry or discussion, County Court then proceeded to sentence defendant without providing him with an opportunity to withdraw his plea, notwithstanding his statements raising the possibility of a justification defense. Accordingly, given the circumstances of defendant's plea and sentencing, we reverse the judgment and
vacate his guilty plea (see People v Gresham, 151 AD3d at 1178; People v Lang, 127 AD3d at 1255; compare People v Pastor, 28 NY3d at 1090-1091; People v Bailey, 158 AD3d 948, 948-949 [2018] [holding that the trial court was under no obligation to conduct any further inquiry in response to the defendant's "belated, postplea assertion" that he was intoxicated at the time of the crime, which he made known for the first time during his presentence interview with the Probation Department]; People v Osman, 151 AD3d 494, 494-495 [2017] [opining that the defendant's reference to his "state of mind" immediately following his guilty plea did not trigger a duty to inquire into a potential psychiatric defense], lv denied 30 NY3d 982 [2017]; People v Herrera, 150 AD3d at 625 [finding that "the sentencing court had no obligation to conduct a sua sponte inquiry into postplea statements by defendant that were reflected in the presentence report"]).[FN1]
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: To the extent that the People rely on our holding in People v Pearson (110 AD3d 1116, 1116 [2013]), that case predates People v Pastor (28 NY3d at 1090-1091) and should no longer be followed.