People v Brassard (2018 NY Slip Op 07978)





People v Brassard


2018 NY Slip Op 07978


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

109027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KENNETH BRASSARD JR., Appellant.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered May 26, 2016, convicting defendant upon his plea of guilty of the crime of predatory sexual assault against a child in the first degree.
Defendant was charged in a one-count indictment with predatory sexual assault against a child in the first degree. The indictment alleged that, during the period from September 1, 2006 to January 6, 2008, defendant, who was over 18 years old, engaged in a course of sexual conduct against the victim (born January 7, 1995) who was less than 13 years old. In satisfaction of the indictment and other pending charges, defendant pleaded guilty to the indictment. County Court sentenced defendant to the maximum prison term of 25 years to life. Defendant appeals.
Defendant contends that the plea must be vacated because he negated an essential element of the crime at sentencing. Although the record does not reflect that defendant made an appropriate postallocution motion in order to preserve this issue for our review, we find that a statement made by defendant at sentencing cast doubt upon his guilt and, therefore, triggered "the narrow exception to the preservation requirement and impos[ed] a duty upon County Court 'to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary'" (People v Chin, 160 AD3d 1038, 1039 [2018], quoting People v Lopez, 71 NY2d 662, 666 [1988]; see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Gresham, 151 AD3d 1175, 1177-[*2]1178 [2017]). "[S]tatements made by a defendant that negate an element of the crime to which a plea has been entered . . . or otherwise suggest an involuntary plea require[s] the trial court to then conduct a further inquiry or give the defendant an opportunity to withdraw the plea" (People v Chin, 160 AD3d at 1039 [internal quotation marks and citation omitted]; see People v Pastor, 28 NY3d at 1090-1091; People v Gresham, 151 AD3d at 1178).
At sentencing, defendant stated that the sexual conduct started when the victim was 13 years old, not 12 years old. Such statement by defendant negated the element of predatory sexual assault against a child in the first degree that requires that the victim be under the age of 13 (see Penal Law § 130.96). Notwithstanding defendant's statement, County Court did not make any further inquiry or give defendant an opportunity to withdraw his plea prior to proceeding to sentencing. As such, the circumstances require that we reverse the judgment and vacate defendant's plea (see People v Chin, 160 AD3d at 1039-1040; People v Gresham, 151 AD3d at 1178; compare People v Pastor, 28 NY3d at 1090-1091). In view of the foregoing, we need not address defendant's remaining contentions.
Garry, P.J., Devine, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.