People v Miazga (2018 NY Slip Op 08585)





People v Miazga


2018 NY Slip Op 08585


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

109657

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH A. MIAZGA JR., Appellant.

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered March 9, 2016, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
Defendant waived indictment and pleaded guilty as charged in a superior court information to felony driving while intoxicated stemming from his admitted conduct in driving while intoxicated on September 8, 2015. Defendant also pleaded guilty the same day to a separate charge of felony driving while intoxicated for his actions on February 21, 2015. Pursuant to a plea agreement with regard to the September 2015 charge, defendant waived his right to appeal and admitted his prior, 2010 misdemeanor driving while intoxicated conviction. County Court thereafter imposed the agreed-upon sentence of six months in jail with five years of probation, to be served concurrently with the same sentence imposed on the February 2015 conviction,[FN1] and revoked defendant's license. Defendant appeals from the judgment of conviction stemming from the September 2015 charge.
We affirm. Defendant contends that his guilty plea was not knowing, voluntary and intelligent in that he had previously maintained his innocence and was pressured into pleading guilty. Although defendant's challenge to the voluntariness of his plea is not precluded by his waiver of appeal, it is unpreserved for our review as the record does not reflect that he made an [*2]appropriate postallocution motion to withdraw his plea despite ample opportunity to do so prior to imposition of sentence (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-220 [2016]; People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 NY3d 1149 [2018]). Moreover, the narrow exception to the preservation requirement was not triggered, as defendant did not make any statements during his plea allocution or at sentencing that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Williams, 27 NY3d at 219-220; People v Lopez, 71 NY2d 662, 666 [1988]; People v Gresham, 151 AD3d 1175, 1177-1178 [2017]). To the extent that defendant asserts that defense counsel failed to conduct discovery or pursue pretrial hearings, this implicates matters outside of the record that are more appropriately addressed in a motion pursuant to CPL article 440 (see People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]).
McCarthy, J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that judgment is affirmed.



Footnotes

Footnote 1: While defendant had been promised a five-year term of probation on the February 2015 charge, he failed to appear on the original date set for sentencing on both matters. On March 9, 2016, County Court imposed an enhanced sentence on the February 2015 charge of six months in jail and five years of probation, and the identical sentence on the September 2015 conviction was ordered to run concurrently to that sentence.