People v Poindexter (2019 NY Slip Op 00704)





People v Poindexter


2019 NY Slip Op 00704


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


7 KA 15-01497

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAIINE E. POINDEXTER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered June 16, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We reject defendant's contention that the plea was not voluntarily, knowingly, and intelligently entered. Even assuming, arguendo, that defendant's statements triggered a duty by County Court to conduct a further inquiry to ensure that the plea was knowing and voluntary (see People v Lopez, 71 NY2d 662, 666 [1988]), we conclude that the court "properly conducted such an inquiry and that defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017] [internal quotation marks omitted]). Defendant's remaining contention that the court abdicated its sentencing discretion to the People is without merit. The court never indicated that it was bound by the People's sentence promise (cf. People v Farrar, 52 NY2d 302, 305 [1981]; People v Dupont, 164 AD3d 1649, 1650 [4th Dept 2018]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court