People v Skyers (2019 NY Slip Op 05233)





People v Skyers


2019 NY Slip Op 05233


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

109609

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LENNOX SKYERS, Appellant.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Law Office of William J. Reddy, New City (William J. Reddy of counsel), for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 4, 2016, convicting defendant upon his plea of guilty of the crime of assault in the first degree (two counts).
Defendant, who was on probation at the time that the underlying offenses were committed, was charged in a 13-count indictment with various crimes including, insofar as is relevant here, two counts of assault in the first degree. Approximately three weeks prior to the scheduled trial, the People offered defendant an opportunity to plead guilty to two counts of assault in the first degree with a recommendation that he be sentenced as a second felony offender to concurrent prison terms of 13 years followed by five years of postrelease supervision. Defendant initially acquiesced to the People's offer but, midway through his plea allocution, defendant asserted that he was not guilty and that "[e]verything was an accident," prompting County Court to adjourn the matter pending trial.
Defendant reappeared in court the following day — once again indicating that he wished to go forward with the proposed plea agreement, which also would resolve defendant's probation violation. After assuring County Court that he had been afforded sufficient time to confer with counsel, defendant pleaded guilty to two counts of assault in the first degree, and the matter was adjourned for sentencing. When defendant returned to court approximately two months later and was given an opportunity to make a statement prior to sentencing, defendant expressed remorse for his crimes, stating that, on the day in question, he had "overdosed on some medications while [he] was intoxicated," he "wasn't in [his] right state of mind," he "wasn't trying to hurt anyone" and he "honestly [did not] recall what happened because after [he] took the medications [he] blacked out." County Court thereafter sentenced defendant to the contemplated concurrent terms of imprisonment, and this appeal ensued.
The statements made by defendant at sentencing, which raised the possibility of an intoxication defense and called into question the intent element of assault in the first degree (see Penal Law § 120.10 [1]), were sufficient to trigger the narrow exception to the preservation requirement, thereby imposing a duty of further inquiry upon County Court "to ensure that defendant's guilty plea was knowing and voluntary" (People v Gresham, 151 AD3d 1175, 1177 [2017]; see People v Brassard, 166 AD3d 1312, 1313 [2018]; People v Miller, 162 AD3d 1231, 1232 [2018], lv denied 32 NY3d 939 [2018]; People v Chin, 160 AD3d 1038, 1039 [2018]). To be sure, "there is no mandatory catechism required [at a plea or] on sentencing" (People v Gresham, 151 AD3d at 1177 [internal quotation marks and citations omitted]; see People v Stutzman, 158 AD3d 1294, 1295 [2018], lv denied 31 NY3d 1122 [2018]), and "defendant was not required to recite each element of the crime[] or provide a further factual recitation, as his affirmative responses to County Court's questions established the elements of the crime[] charged" (People v Gresham, 151 AD3d at 1177 [internal quotation marks and citations omitted]). Similarly, defendant did not say anything during the course of the plea colloquy that suggested a possible intoxication defense (see e.g. People v Hopper, 153 AD3d 1045, 1046-1047 [2017], lv denied 30 NY3d 1061 [2017]), and defendant's statements at sentencing contradicted his sworn admissions during the plea colloquy (see e.g. People v Quell, 166 AD3d 1388, 1389 [2018], lv denied 32 NY3d 1208 [2019]). However, "statements made by a defendant that negate an element of the crime to which a plea has been entered, raise the possibility of a [particular] defense or otherwise suggest an involuntary plea require[] the trial court to then conduct a further inquiry or give the defendant an opportunity to withdraw the plea" (People v Chin, 160 AD3d at 1039 [internal quotation marks and citation omitted]; see People v Brassard, 166 AD3d at 1313). County Court did not pursue either of those avenues here.
Although the People argue that defendant's comments were merely explanatory (see People v Wagoner, 30 AD3d 629, 630 [2006]) or may be viewed simply as an attempt to elicit sympathy prior to the imposition of sentence (see People v Matos, 27 AD3d 485, 486 [2006]), we find that defendant's statements that he was intoxicated, that he could not recall the underlying events and that he did not intend to hurt anyone were sufficient to warrant further inquiry by County Court — particularly in view of the initially-failed plea colloquy (see People v Brassard, 166 AD3d at 1313; People v Chin, 160 AD3d at 1039-1040; People v Gresham, 151 AD3d at 1177-1178; compare People v Bailey, 158 AD3d 948, 949 [2018]; People v McKnight, 144 AD3d 1334, 1335 [2016], lv denied 28 NY3d 1148 [2017]; People v Wagoner, 30 AD3d at 630; People v Matos, 27 AD3d at 486). Accordingly, the judgment of conviction is reversed, and this matter is remitted for further proceedings.
Lynch, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.