People v Rodriguez (2024 NY Slip Op 03515)

People v Rodriguez

2024 NY Slip Op 03515

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

113435
[*1]The People of the State of New York, Respondent,
v
Arnold Rodriguez, Appellant.

Calendar Date:May 30, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
P. David Soares, District Attorney, Albany (Beven B. Nedumthakady of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), rendered January 20, 2022 in Albany County, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with robbery in the second degree in violation of Penal Law § 160.10 (1) and agreed to waive his right to appeal. Supreme Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.
Initially, the appeal waiver does not preclude defendant's contention that his plea was not knowing, voluntary and intelligent because his responses to Supreme Court's inquiry during the plea colloquy called into question the elements of the crime and raised a potential intoxication defense. Nevertheless, his challenge to the voluntariness and sufficiency of the plea is unpreserved for our review given that defendant did not make an appropriate postallocution motion (see People v McNair, 13 NY3d 821, 822 [2009]; People v Lopez, 71 NY2d 662, 664-665 [1988]). Defendant contends, however, that the narrow exception to the preservation rule is applicable as the court's inquiry as to the elements of the crime and potential intoxication defense was insufficient to establish that his plea was knowing and voluntary. We disagree.
Defendant stated during the plea colloquy that he "was intoxicated" at the time of the crime and did not remember the underlying details of the crime, thereby triggering Supreme Court's duty to inquire further. The record reflects that the court did engage in further inquiry to ensure that defendant was voluntarily entering the guilty plea. As part of that inquiry, the court asked whether defendant had reviewed the statements and evidence against him regarding the incident. Defendant confirmed that he was aware of, and reviewed with defense counsel, the evidence against him and that it could be sufficient for a conviction. In response to further inquiry, defendant assured the court that he was aware of, discussed with counsel and was willing to give up a potential intoxication defense in order to receive the benefit of the plea agreement. Defendant thereafter affirmed his willingness to enter a guilty plea. In view of the foregoing, we are satisfied that the court properly conducted a further inquiry as to whether defendant's plea was knowing and voluntary (see People v Lopez, 71 NY2d at 667-668; People v Greene, 195 AD3d 1317, 1317-1318 [3d Dept 2021]). "Having failed to move thereafter to withdraw his plea, defendant waived any further challenge to the allocution, and thus no issue is preserved for our review" (People v McNair, 13 NY3d at 823 [citation omitted]; see People v Greene, 195 AD3d at 1318; People v Ahrens, 145 AD3d 1322, 1322 [3d Dept 2016], lv denied 28 NY3d 1181 [2017]; People v English, 100 AD3d 1147, 1148 [3d Dept 2012]).[*2]
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.