People v Adamo (2025 NY Slip Op 25021)

[*1]

People v Adamo

2025 NY Slip Op 25021

Decided on January 29, 2025

City Court Of Ithaca, Tompkins County

Wallace, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 29, 2025
City Court of Ithaca, Tompkins County

People of the State of New York,

against
Joshua Adamo, Defendant.

Docket No. CR-01906-24

Richard M. Wallace, J.

Background
A simplified traffic information charging the Defendant with one count of violating Vehicle and Traffic Law § 1110(a), disobeying a traffic control device, was affirmed by Ithaca Police Department Officer Ryan Card on November 27, 2024. On January 23, 2025, a non-jury trial was held with respect to this matter. An Assistant District Attorney (ADA) from the Tompkins County District Attorney's Office appeared for the People. The Defendant appeared without counsel.

 Facts
The People called one witness, Officer Ryan Card. Officer Card testified that at approximately 7:00 PM on August 12, 2024, he was called to the intersection of South Meadow Street and Cecil Malone Drive in the City of Ithaca in response to a personal injury motor vehicle accident. When he arrived at the scene, EMS was attending to the Defendant, who while riding his bicycle across Cecil Malone Drive in the crosswalk was struck by the driver of a motor vehicle. Officer Card was not able to speak to the Defendant, the operator of the bicycle, at the scene because the Defendant was taken by ambulance to the local hospital.
Officer Card indicated that as part of his investigation, he spoke with the driver of the automobile, Jacqueline Marquez. Officer Card testified that the motorist Miss Marquez told him "The light was green." However, she was not called to testify and was not subpoenaed by the prosecution.
In his closing argument, while explaining the failure of the People to subpoena the driver, the People indicated that what she might have said was something more like, "I thought the light was green," a less categorical assertion than the hearsay testimony of Officer Card. Disturbingly, the People did not seek to clarify the apparent inconsistency in the Officer's testimony and the driver's potential testimony as understood by the ADA until after the proof was closed and only after inquiry by the Court. The accident report, a standard form MV-104A authored by Officer Card, was received in evidence as Defendant's Exhibit A. Nowhere in the accident report does it reflect any statements having been made by the driver, Jacqueline Marquez.
After completing the accident report, Officer Card testified that he went to the Super 8 motel, a nearby property with a camera focused on the intersection in question. An employee of the motel allowed Officer Card to look at their video footage of the intersection at the time of the [*2]accident. The People did not have the actual video footage at trial. Instead, the People sought to rely upon a video of the video, more specifically the Super 8 motel video as captured by the body worn camera of Officer Card. It does not appear that the original footage was ever subpoenaed, nor was the employee with whom Officer Card spoke or anyone else from the Super 8 motel subpoenaed in order to lay a foundation for the Super 8 video. The single most critical fact in this trial, namely the color of the light at the time of the collision between the Defendant and the motorist, was not able to be ascertained by the video of the video. It was simply too far away and too unclear. Officer Card testified as to his impression that the original video at the motel showed the light was green in favor of the motorist. However, that video was not in evidence or otherwise made available to the Court or for cross examination by the Defendant.
In addition, the video of the video, i.e. the officer's body worn camera, was not able to be received in evidence because the People did not have a thumb drive or other medium containing just that video. The thumb drive used by the People for presentation at court contained evidence from other cases and was therefore not something the ADA was in a position to have filed with the Court as an exhibit.
The unrepresented Defendant raised a concern about the absence of the original video. The Court, in its discretion, took this concern as an objection to the video of the video and reserved decision.

 Discovery
The Court inquired whether discovery was provided to the Defendant. The People asserted that they have no obligation to provide discovery in a trial of a traffic infraction unless the Defendant requests it. It is true that CPL § 245.10(1)(a)(iii) was amended in 2022 to read, in pertinent part,
Notwithstanding the previous provisions of this section, the prosecutor's obligations shall not apply to a simplified information charging a traffic infraction under the vehicle and traffic law . . . . provided however that nothing in this subparagraph shall prevent a defendant from filing a motion for disclosure of such items and information under subdivision one of section 245.20 of this article.
However, CPL § 245.25(2) still requires that for a trial of a traffic infraction, "the prosecutor's discovery obligation under subdivision one of section 245.20 of this article shall be performed as soon as practicable, but not later than fifteen days before the trial . . . ." (emphasis added). Reading these two statutes together, CPL § 245.10(1)(a)(iii) relieves the prosecutor of the obligation to provide discovery within the 35-day timeframe of CPL § 245.10(1)(a)(ii) when only a traffic infraction has been charged, while CPL § 245.25(2) still requires discovery to be provided at least fifteen days before a trial on a traffic infraction.
Dispelling any ambiguity on this issue is CPL § 245.20(7), which reads as follows: "Presumption of openness. There shall be a presumption in favor of disclosure when interpreting sections 245.10 and 245.25, and subdivision one of section 245.20, of this article."
The Court further notes that, prior to the passage of the discovery reform laws, a prosecutor was obligated to provide Rosario material at a bench trial, even without a request from the Defendant. Former CPL § 240.45, repealed by L.2019, c. 59, pt. LLL, § 1. Today though, if the Court were to read the current CPL § 245.10(1)(a)(iii) out of context, a Defendant charged with a traffic infraction would have to request Rosario material to receive it at all. But [*3]the passage of the discovery reform laws was intended to expand a Defendant's discovery rights, not to limit them. Thus, absent an unambiguous legislative mandate, the Court is unwilling to read CPL § 245.10(1)(a)(iii) in a way that would roll back the People's Rosario obligations. It is clear to this Court that CPL § 245.10(1)(a)(iii) must be read together with CPL § 245.25(2). [FN1]

 Conclusion
The Court now decides as follows.
The Court sustains the Defendant's objection to introduction of the body worn camera video depicting the Super 8 motel video. The Defendant was deprived of the opportunity to view the original motel video and was only able to view a poor depiction of the video on the day of trial. At best, this is a belated disclosure. Construing it as such, the Court is required to impose a sanction "that is appropriate and proportionate to the prejudice suffered" when discoverable material is disclosed belatedly. CPL § 245.80(1); see People v Shcherenkov, 21 AD3d 651, 652 (3d Dept 2005) ("The type of sanction is left to the sound discretion of the court, after weighing prejudice to defendant against the interests of society.") The body worn camera video of the video is also excluded as lacking proper foundation.
The Court also draws an inference adverse to the People's case due to a missing witness, namely the key witness Jacqueline Marquez, the driver of the automobile in question. See People v Durant, 26 NY3d 341, 347-348 (2015) ("the trial court must usually issue a permissive adverse inference instruction where the People fail to present the testimony of a witness and the following three conditions are met: 'First, the witness's knowledge must be material to the trial. Second, the witness must be expected to give noncumulative testimony favorable to the party against whom the charge is sought.... Third, the witness must be available to that party' . . . .") Not only did she not testify, she was also not even subpoenaed, apparently out of a concern that her testimony would be less unequivocal than the testimony of Officer Card. Regardless of the reason, the Defendant was deprived of the opportunity to cross examine her.
For all of the above reasons, the Court finds the Defendant NOT GUILTY.
DATED: 1/29/25
RICHARD M. WALLACE
Ithaca City Court Judge

Footnotes

Footnote 1: The Court notes, however, that the failure to comply with the time requirement of CPL § 245.25(2) does not result in a speedy trial violation unless the traffic infraction is charged jointly with another offense. People v. Galindo, 38 NY3d 199, 206 (2022).