People v Bass (2025 NY Slip Op 04436)

People v Bass

2025 NY Slip Op 04436

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

599 KA 24-00060

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHANN A. BASS, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 27, 2023. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the third degree (Penal Law
§ 160.05), arising from a bank robbery. By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, voluntarily, and intelligently enter the plea (see People v Cunningham, 213 AD3d 1270, 1271 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Thompson, 206 AD3d 1628, 1629 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]). Furthermore, this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). To the extent that defendant negated an essential element of the crime to which he pleaded guilty by initially denying that the note he handed to the bank teller included a threat of force, we note that County Court immediately conducted the requisite further inquiry to ensure that defendant's guilty plea was knowing, intelligent, and voluntary (see id. at 666-668; People v Briggs, 115 AD3d 1245, 1246 [4th Dept 2014], lv denied 23 NY3d 1018 [2014]; People v Pratt, 176 AD2d 1231, 1231 [4th Dept 1991], lv denied 79 NY2d 830 [1991]), and we conclude that "defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017] [internal quotation marks omitted]; see People v
Bonacci, 119 AD3d 1348, 1349 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court