■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD BEASLEY, Appellant.— GREENBLOTT, J. Appeal from an order of the County Court of Albany County entered June 18, 1968, which denied, without a hearing, a motion to vacate a judgment convicting defendant of manslaughter in the first degree. Appellant, then 17, was indicted for murder in the first degree. On January 26, 1965, he pleaded guilty to the reduced charge of manslaughter, first degree. At that time the court questioned him at length as to whether he understood the consequences of a guilty plea and stated that, since there had been "numerous conferences over the past couple of weeks", appellant ought to have no misunderstanding of the situation. Appellant answered that he did understand. On February 1, appellant was sentenced to a term of from 10 to 20 years. In response to the court's question of whether there was any cause for not then pronouncing sentence, appellant's attorney replied that there was no such cause but that he had been authorized to read a statement prepared by defendant which read in part: "I want the Court to know that at no time did I assault and rob Mr. Taber; at no previous time to said assault and robbery was I consulted regarding this assault and robbery. As far as I am able to learn such act was spontaneous by the individuals actually commiting the assault and robbery of which I had no knowledge." He concluded, "I ask the Court to take these words into consideration in passing judgment." No motion to withdraw the plea was made. The court then passed sentence. Appellant contends that his counsel was ineffective in not moving to withdraw the plea and that the court erred by not exploring the facts further before passing sentence. There is no mandatory method to be followed in accepting guilty pleas. The precise procedures to be followed in each case must be left to the sound discretion of the trial court. (*People* v. *Nixon,* 21 N Y 2d 338.) The order appealed from should be affirmed. The court properly exercised its discretion in view of all the facts and circumstances. The defendant was represented by counsel who consulted with him and with the court over an extended period of time. Also, appellant waited three years to commence this proceeding. The court should consider that "In stale cases, defendants have all to gain by reopening old convictions, retrial being so often an impossibility." (*People* v. *Nixon, supra,* p. 352.) The court below found that appellant's statement at sentencing was not an assertion of innocence but a plea for leniency. Since the Judge who decided this application below was the sentencing Judge, he was in a good position to pass upon the facts, and his evaluation of the nature and purpose of appellant's sentencing statement seems amply supported by the evidence. It should be noted that appellant could have moved to withdraw his plea. Although represented by counsel, he did not do so. "It should never be enough to undo a plea because of some omission in inquiry at the time of plea without a showing of prejudice." (*People* v. *Nixon, supra,* p. 355.) Order affirmed. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.