Jasen, J.
In 1965, the defendant, who was 17 at the time, pleaded guilty to manslaughter in the first degree in satisfaction of an indictment charging him with (felony) murder in the first degree. Following his plea, he was sentenced to a term of from 10 to 20 years in prison.
Defendant brought this petition for a writ of error coram nobis alleging that it was error for the court to accept a plea of guilty after being notified that there was “ some misunderstanding ” with respect to the plea. Moreover, he states that certain statements made during sentencing imposed a duty on the trial court to make further inquiries as to the voluntariness of the plea. The writ was denied without a hearing and the Appellate Division unanimously affirmed.
Specifically, defendant argues that at plea-taking the trial court was advised of defense counsel’s uncertainty as to the defendant’s understanding of the proceedings before the court. Counsel there stated that ‘ ‘ the defendant has had the plea explained to him and after some misunderstanding at first 1 think *485 he sees now or understands what the Law is, insofar as this plea is concerned.” (Emphasis added.)
In reply to this statement, the following colloquy took place:
“ the court : Well, now, the Court is going to question the defendant himself so that we can be sure that there are no misunderstandings. Lavigne, here, assigned by this Court, and you have talked this case over with him, is that correct?
“ THE DEPENDANT: YeS, sir.
“ the court : Now, do you understand that if you plead guilty to this indictment as reduced to manslaughter in the First Degree you can be sentenced without any further procedure in. this Court, there will be no trial, the Court is going to proceed to sentence here, do you understand that?
“ THE DEPENDANT: YeS.
‘ ‘ the court : Do you also understand that you are entitled to a trial and if you want to stand trial here it is your prerogative, and if you desire, after conferring and receiving the advice of counsel, if you desire to plead, that is also your prerogative. But if you do plead, you will be sentenced. Now, that is clear to you, is that correct?
“ THE DEPENDANT: YeS.
“ the court: I understand your mother has been present here this morning and you have conferred with her as well, is that correct?
"THE DEPENDANT: YeS.
“ the court: All right, under all of these circumstances, the motion of the District Attorney is granted, the indictment here is reduced to the felony of manslaughter in the First Degree in violation of Section 1050 of the Penal Law.
“ I ask you, Beasley, in the light of what I have stated here this morning and in the presence of your counsel how you plead to the reduced felony of manslaughter in the First Degree, guilty or not guilty?
‘ ‘ THE DEPENDANT: Guilty.
‘ ‘ the court : The previous plea of not guilty to this indictment is withdrawn and a plea of guilty is entered to the felony of manslaughter in the First Degree in violation of 1050 of the Penal Law.
The Clerk may take his statement.”
*486 Six days later, the defendant was brought before the court for sentencing, and the following colloquy occurred:
“ mb,, meyl: If Your Honor please, at this time I move the sentencing of the defendant, Ronald T. Beasley.
“ the court: Note the appearance of Mr. Lavigne as court assigned counsel.
“ On January 26th this defendant pled guilty to the felony of Manslaughter in the First Degree following a motion by the District Attorney to reduce the indictment herein to Manslaughter in the First Degree. At that time the sentence was deferred until today. The Court has now received the probation report and is prepared to pass sentence.
“ I will ask the Defendant and his Counsel at this time if he or his Counsel has any legal cause to show why judgment should not now be pronounced?
“me. lavigne: We have no cause Your Honor but the Defendant has authorized me to read the following statement before sentence is imposed:
“ ‘ I Ronald T. Beasley have authorized my attorney to make the following statement on my behalf:
“ ‘ I want the Court to know that at no time did I assault and rob Mr. Taber; at no previous time to said assault and robbery was I consulted regarding this assault and robbery. As far as I am able to learn such act was spontaneous by the individuals actually committing the assault and robbery of which I have no knowledge.
“ ‘ I want to say further that I hold no one responsible for the situation that I find myself in today. I say that is my mistake. My mother and grandmother have done everything possible to show and demonstrate to me the proper way to live in society and those things I have done contrary to law and order have been of my own making and of my own free will. I ask the Court to take those words into consideration in passing judgment.’
“the court: Well, of course, Beasley, the fact that your participation here is somewhat different from the participation by the other two defendants is the reason that you have been given the break of having the indictment reduced to Manslaughter in the First Degree. You are therefore going to *487 receive a substantially lesser sentence than the other two defendants.
“ Nevertheless this crime was committed. Your participation to the extent that you did not participate is borne out by your plea of guilty, and it is incumbent upon this Court to pass sentence.”
In denying the writ of error coram nobis without a hearing, the County Court (Albany County) stated that while the statement prepared by defendant and read to the court by his attorney prior to sentencing could be construed as a denial of the commission of the crime, no attempt was made to withdraw the plea. Taken in context with all the proceedings, defendant’s statement was construed to be a plea for leniency. When defendant stated that he did not “ assault and rob Mr. Taber ”, he was presumably referring to the fact that his involvement was not the .same as his codefendants’.
In affirming the order denying the writ, the Appellate Division found that the court properly exercised its discretion in view of all the facts and circumstances. Specifically, it was noted that the defendant was represented by counsel who consulted with him and the court over an extended period of time, that the Judge who decided the application was in a good position to pass on the facts since he was also the sentencing Judge, and the court’s evaluation of the nature and purpose of defendant’s, statement seemed amply supported by the evidence. The court also observed that the defendant, although represented by counsel, did not move to withdraw his plea.
We reverse and hold that in this coram nobis proceeding the defendant is entitled to a hearing on whether his guilty plea was knowingly and meaningfully entered. The record here indicates that there is sufficient doubt about the voluntariness of his plea to require such a hearing and that the Trial Judge did not make sufficient inquiries to alleviate the doubt. Although defendant’s statement at sentencing is somewhat vague, it may be interpreted to mean that he did not participate in the robbery forming the basis of the felony-murder charge. This, if true, would remove one of the basic elements of the crime and demand a reversal.
In People v. Serrano (15 N Y 2d 304), we imposed a duty upon the trial court to make further inquiries when the defend *488 ant’s recital did not spell out the crime to which the plea was offered. Serrano also held that it was immaterial that no motion to withdraw the guilty plea had been made.
Even prior to Serrano we had reversed convictions in cases where it appeared that a plea had been entered when elements of the crime were missing. (People v. Shipman, 14 N Y 2d 883.) Thus, the fact that defendant was sentenced two months before Serrmo is of no great import since that case merely reflects the general proposition that a guilty plea must be knowingly entered. (See, e.g., Machibroda v. United States, 368 U. S. 487, 493; Von Moltke v. Gillies, 332 U. S. 708, 724.)
, However, our holding is not based solely upon the statement made by defendant at .sentencing. The record demonstrates further difficulties here because defendant’s attorney indicated that there had been “ some misunderstanding ” at the time defendant pleaded guilty and then only stated that "I think he * * * understands what the Law is ” (emphasis added). Although the trial court proceeded to make some inquiries of the defendant, they appear to be insufficient to determine if the plea was entered intelligently. He was properly asked whether he understood the consequences of Ms plea, but the court failed to conduct an inquiry as to whether he understood the nature of the charge. No questions were asked about defendant’s participation in the crime, nor was there any discussion of the facts involved.
Although there is no mandatory catechism required on sentencing, the court should conduct a hearing when at plea-taking or upon sentencing it appears the defendant misapprehends the nature of the charges or the consequences of his plea. (People v. Nixon, 21 N Y 2d 338.) On the record before us, several questions are raised-—the uncorreoted misunderstanding when defendant pleaded guilty and the ambiguous statement at sentencing. This combination of ambiguities, plus the fact that defendant was only 17 at the time, mandate that a hearing be given to determine if the plea was knowingly and intelligently entered.
Accordingly, the order should be reversed and the proceeding remanded to the trial court for a hearing on the questions presented.
*489 Chief Judge Fuld and Judges Burke, Beegan, Beeitel and Gibson concur with Judge Jasen; Judge Soileppi dissents and votes to affirm on the ground that the record indicates that the defendant, who was represented by counsel, had a full and complete understanding of the consequences of pleading guilty, thereby obviating the necessity for a hearing.
Order reversed and case remitted to the County Court for further proceedings in accordance wtih the opinion herein.