## (March 18, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. JONES, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered May 12, 1975, convicting defendant upon his pleas of guilty to the crimes of robbery in the second degree and burglary in the third degree. On this appeal defendant contests the propriety of accepting his plea of guilty to the crime of second degree robbery and asserts that the sentence imposed upon him is unduly harsh and excessive. Both contentions are without merit. When questioning defendant concerning the factual basis for his offered plea to the reduced charge of second degree robbery, the trial court employed the language of the indictment for first degree robbery which had accused defendant of threatening the use of a knife against his victim. Far from injecting any ambiguity or constituting an expression of innocence warranting further inquiry, defendant's responses merely clarified the situation and made it plain that the knife was possessed by another participant in the robbery. Defendant, who was represented by counsel, was undoubtedly aware of the nature of the reduced charge and the consequences of a plea of guilty thereto. Under the particular circumstances of this case, the trial court properly accepted his guilty plea (cf. *People v Beasley,* 25 NY2d 483; *People v Nixon,* 21 NY2d 338, cert den *sub nom Robinson v New York,* 393 US 1067). The distinct and unrelated burglary of which defendant also stands convicted was committed about two weeks after the afore-mentioned robbery. Given the more severe punishment authorized for each offense, including the possibility of consecutive sentences, we cannot say that the trial court abused its discretion by imposing concurrent five-year indeterminate terms of imprisonment upon defendant *(People v Caputo,* 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.