■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAMOS, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Erie County Court, La Mendola, J.—attempted rape, first degree.) Present —Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS J. ELKIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to one count of burglary in the first degree in full satisfaction of a six-count indictment, withdrew his plea, and subsequently reentered it. Upon reentering his plea, defendant stated that he recalled the previous plea colloquy, and that his statement of the facts constituting the commission of the crime remained the same. The court accepted the plea. Defendant contends for the first time on appeal that the court's failure to elicit from defendant his own recitation of the facts at the second plea colloquy renders his plea invalid. Even if this issue were preserved for our review, we would find it to be without merit; there was nothing in defendant's prior recitation of the facts, incorporated by reference into the second plea colloquy, to call into question the voluntariness of the plea or to cast doubt upon defendant's guilt, thereby requiring the court to conduct further inquiry into the plea (cf., People v Beasley, 25 NY2d 483; People v Serrano, 15 NY2d 304; see generally, People v Lopez, 71 NY2d 662). Nor do we find defendant's sentence harsh and excessive. (Appeal from judgment of Oswego County Court, Auser, J.—burglary, first degree.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON COOPER, Appellant.—Judgment unanimously affirmed. Memorandum: Evidence of prior rapes of the 12-year-old victim by defendant was properly admitted because, on cross-examination, defense counsel questioned the victim's ability to determine whether defendant's penis had entered her vagina and to know whether defendant had ejaculated. (Appeal from judgment of Monroe County Court, Marks, J.—rape, second degree.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.