# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

720

KA 11-01086

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

ROCKY JONES, ALSO KNOWN AS ROCKIE JONES,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 12, 2010. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for criminal possession of a weapon in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment entered upon his admission that he violated the terms and conditions of his probation, revoking his probation and sentencing him to concurrent terms of incarceration on the underlying conviction of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and criminal possession of a weapon in the third degree ([CPW 3d] § 265.02 [1]). As the People correctly note, CPW 3d under section 265.02 (1) is not a violent felony (*see* Penal Law § 70.02 [former (1) (c)]), and, therefore the determinate term of incarceration imposed on that count of the indictment is illegal (*see* § 70.00 [2] [d]; [3] [b]). " 'Although this issue was not raised before the [sentencing] court or [by defendant] on appeal, we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to accept an amended lawful sentence or to withdraw his admission to the violation of probation (*see People v Dexter*, 104 AD3d 1184, 1185).

Defendant contends that the sentence is unduly harsh and severe. Inasmuch as there is no waiver of the right to appeal applicable to

the revocation of probation contained in this record on appeal, we address defendant's contention on the merits.  We conclude, however, that the sentence is not unduly harsh or severe.