People v Rios (2026 NY Slip Op 00963)

People v Rios

2026 NY Slip Op 00963

Decided on February 19, 2026

Court of Appeals

Troutman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2026

No. 13

[*1]The People & c., Respondent,
vJonathan Rios, Appellant.

Kathleen P. Reardon, for appellant. 
Amy N. Walendziak, for respondent. 

TROUTMAN, J.

In People v Lopez (71 NY2d 662 [1988]), we articulated a narrow exception to the rule that defendants must move before the trial court—either to withdraw their plea or vacate their judgment of conviction—to preserve their challenge to the factual sufficiency of their plea allocution. The Lopez exception applies "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (id. at 666). If that occurs, and the trial court accepts the plea without inquiring further, "the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (id.).
Defendant now asks us to resolve a question that has divided the Appellate Division: does the Lopez exception apply where, as here, defendant has merely claimed at sentencing that he is not guilty of the crime to which he had previously pleaded guilty? We now clarify that, because the Lopez exception arises from a court's duty to inquire further where a defendant's statements prior to entry of the plea cast serious doubt on [*2]its validity, the exception does not apply to defendant's postplea statements made at sentencing. As a result, defendant's argument that his plea was not knowing and voluntary is unpreserved for our review because defendant did not first move to withdraw his plea or vacate his judgment of conviction.I.
The People charged defendant by indictment with two counts of robbery in the second degree. Defendant pleaded guilty to one count of robbery in the second degree in satisfaction of the indictment. During the plea allocution, defendant admitted under oath that on August 27, 2019, he had forcibly stolen money, lighters, cigarettes, and beer from a clerk at a 7-Eleven while displaying what appeared to be a pistol, revolver, or other firearm. The court accepted defendant's plea and ordered the probation department to prepare a presentence investigation report (PSR). At his pre-sentence investigation interview, defendant said he did not rob anyone. Defendant stated that he robbed the store while doing confidential informant work for a "Drug Task Force agent." Defendant also stated that he robbed the store to, as he later clarified, collect money from one of two clerks who owed money to a drug dealer.
At sentencing, the court questioned defendant about his statements to the probation department. This led to an exchange between the court and defendant where defendant first stood by his statements to the probation department but also, with his counsel's input, admitted his guilt. The court then proceeded with sentencing defendant.
On his appeal to the Appellate Division, defendant contended that his postplea statements at sentencing cast doubt on the voluntariness and knowingness of his plea and required vacatur of his plea. The Appellate Division rejected that contention because defendant failed to preserve his challenge to the voluntariness of his plea by moving either to withdraw his plea or vacate his judgment of conviction. The Court held that the narrow exception to the preservation rule that we articulated in People v Lopez did not apply.
A Judge of this Court granted defendant leave to appeal (43 NY3d 932 [2025]). We now affirm.II.
Generally, "a defendant must preserve a challenge to the voluntariness of their plea by moving either to withdraw the plea under CPL 220.60 (3) or to vacate the judgment of conviction under CPL 440.10" (People v Scott, — NY3d — , 2025 NY Slip Op 01562, *2 [2025], citing Lopez, 71 NY2d at 665-666). The policies underlying this preservation requirement include allowing "the development of a full record"; fostering "the efficient resolution of claims at the earliest opportunity" (People v Peque, 22 NY3d 168, 182-183 [2013]); and giving trial courts " 'the opportunity to address the perceived error and to take corrective measures' in the first instance" (Scott, 2025 NY Slip Op 01562, *2, quoting People v Louree, 8 NY3d 541, 545 [2007]; see Lopez, 71 NY2d at 665 ["(T)he very real interest of the State in achieving finality in a criminal prosecution mandates that such objections be timely raised" (internal quotation marks omitted)]).
We have carved out a narrow exception to this preservation requirement:
"[U]nder People v Lopez, where the deficiency in the plea allocution is so clear from the record that the court's attention should have been instantly drawn to the problem, the defendant does not have to preserve a claim that the plea was involuntary because 'the salutary purpose of the preservation rule is arguably not jeopardized' " (Peque, 22 NY3d at 182, quoting Lopez 71 NY2d at 666).
We have also placed significant constraints on this exception. For example, in Lopez itself, we held that the defendant "waived any further challenge to the allocution" where "[t]he plea minutes demonstrate[d] that the trial court, when confronted with statements casting significant doubt upon defendant's guilt, properly conducted further inquiry to ensure that defendant's plea was knowing and voluntary" and defendant "failed to express, in any way, dissatisfaction with the court's remedial action" [*3](People v Lopez, 71 NY2d 662, 667-68 [1988]; see generally Peque, 22 NY3d at 182 ["Under certain circumstances, this preservation requirement extends to challenges to the voluntariness of a guilty plea"]).
Despite such constraints, defendant contends that the Lopez exception to the preservation doctrine applies to his challenge to the voluntariness of his guilty plea because his statements at sentencing "cast significant doubt on his guilt." Defendant further argues that our decision in People v Pastor (28 NY3d 1089 [2016]) "strongly suggest[s]" that the Lopez exception extends to his challenge to the validity of his plea based on statements that he made during sentencing.
In Pastor, a defendant challenged his plea on the ground that the sentencing court was obligated to advise him of a possible justification defense after reading his statements in the PSR. We rejected the defendant's challenge as unpreserved in part because he had an opportunity to move before the sentencing court to withdraw his plea (see id. at 1090). We further stated, "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a justification defense, and therefore People v Lopez is inapplicable" (id. at 1090-1091 [emphasis added]).
This statement has led to disagreement at the Appellate Division. There is now a split among the departments over whether the preservation exception applies to defendants' remarks at sentencing that cast doubt upon their guilt (compare People v Dupree, 235 AD3d 120, 122-123 n 1 [1st Dept 2025], and People v Gresham, 151 AD3d 1175, 1178 [3d Dept 2017], with People v Brown, 204 AD3d 1519, 1519-1520 [4th Dept 2022], and People v Anderson, 170 AD3d 878 [2d Dept 2019]). We now resolve this split and hold that defendant's postplea statements at sentencing challenging the factual basis of his plea did not trigger the Lopez exception to the preservation doctrine.
Despite what defendant suggests, we never held in Pastor that the duty to inquire and the exception to the preservation doctrine that flows from that duty applies to postplea statements made during sentencing. That issue was not before us.
Now that the issue presents itself, we hold that statements made at sentencing challenging the factual basis of a plea do not trigger the duty to inquire. Consequently, the Lopez exception to the preservation doctrine does not apply. The Lopez exception is based on the trial court's constitutional duty to ensure, prior to accepting a plea, that a defendant's plea is voluntary, knowing, and intelligent: "[W]here a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (see Lopez, 71 NY2d at 666). In contrast, after the court accepts a defendant's plea—but before defendant is sentenced—the statutorily provided procedure for challenging the plea is a motion to withdraw the plea pursuant to CPL 220.60 (3). Inasmuch as the Lopez exception to that procedure arises from a trial court's failure to perform its mandatory "duty to inquire further" prior to accepting a questionable plea (id.), it does not apply here. As a result, because defendant neither moved to withdraw the plea nor vacate the judgment of conviction, his challenge to his plea is not preserved for our review.III.
Our interpretation of People v Beasley (25 NY2d 483 [1969]) differs from that of our dissenting colleagues, who quote that decision out of context. This Court decided Beasley upon an appeal from a denial of a motion to vacate a judgment of conviction brought by an application for a "writ of error Coram Nobis" (compare id. at 484, with People v Beasley, 31 AD2d 851, 851 [3d Dept 1969] [referring to the application as "a motion to vacate a judgment convicting defendant . . . "]). At that time, prior to the legislature enacting CPL 440.10, defendants could seek to vacate their conviction "through a motion for a writ of error coram nobis" (People v Jones, 24 NY3d 623, 627 [2014]). In other words, in Beasley, unlike here, the defendant preserved his challenge predicated on statements made at sentencing by first moving to vacate his judgment of conviction. Consequently, our holding in Beasley does not conflict with our holding today that defendant's challenge to his plea based on statements at sentencing required him first to make [*4]either a motion to withdraw the plea or to vacate the judgment of conviction in order to preserve his challenge for our review.
It was not until Lopez that this Court fully articulated the exception to the preservation requirement at issue, which is rooted in a trial court's "duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" prior to "accept[ing] the plea" (71 NY2d at 666). We cited both Beasley and People v Serrano (15 NY2d 304 [1965]) in support of the existence of this duty (see Lopez, 71 NY2d at 666). Notably, in Serrano, which preceded Beasley, we held that, "before accepting a plea of guilt where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing" (id. at 310). Our decision in Beasley relied on this duty to vacate a defendant's judgment of conviction (see Beasley, 25 NY2d at 488-489, citing Serrano, 15 NY2d 304).
However, the Beasley Court did not expand that duty to cover situations in which a defendant merely recants their guilt at sentencing after entering a valid plea of guilty. Quite the opposite. In Beasley, we clarified that "our holding is not based solely upon the statement made by defendant at sentencing" (id. at 488 [emphasis added]). Instead, we found that, based on statements made at the plea proceeding, the trial court's inquiry prior to accepting the plea was "insufficient to determine if the plea was entered intelligently" (id.). Thus, the stand-alone duty promoted by our dissenting colleagues did not exist at the time of Beasley, and it does not exist now.
Accordingly, the order of the Appellate Division should be affirmed.

RIVERA, J. (concurring):

In People v Beasley, this Court adopted a clear rule that a "court should conduct a hearing when at plea-taking or upon sentencing it appears the defendant misapprehends the nature of the charges or the consequences of [their] plea" (25 NY2d 483, 488 [1969]). When such circumstances are present, our Court may review the sufficiency of the trial judge's inquiry into the plea's voluntariness even where the defendant never formally preserved their argument by moving to withdraw the plea or vacate the conviction (see Beasley, 25 NY2d at 487-488, citing People v Nixon, 21 NY2d 338 [1967] [reviewing defendant's challenge to his guilty plea based on his sentencing statements despite his not moving to withdraw plea or vacate conviction], overruled on other grounds, People v Catu, 4 NY3d 242 [2005]). We have since reaffirmed the Beasley rule in People v Pastor (28 NY3d 1089, 1090-1091 [2016]). In that case, we considered whether the defendant's statements at sentencing negated an element of the crime or cast doubt on the voluntariness of his plea, even though defendant failed to preserve his argument by moving to withdraw his plea or vacate his conviction (id.).
Our rule applies here, where defendant claims that the court failed to adequately inquire into statements he made during sentencing that allegedly contradicted the admissions he made in his guilty plea. Thus, contrary to the majority's conclusion, there is no preservation bar to considering defendant's claims. However, I join in the result and would affirm defendant's conviction because the court's inquiry into his statements sufficiently established that defendant understood and voluntarily entered his guilty plea.I.
Defendant Jonathan Rios pleaded guilty to one count of second-degree robbery, committed while displaying what appeared to be a firearm (Penal Law § 160.10 [2] [b]). The charge arose from allegations that defendant forcibly stole property at a convenience store, on two separate dates and from two different employees.
During the plea colloquy, defendant admitted to the elements of the crime, in accord with the factual assertions in the indictment. The court accepted his plea, ordered a presentence investigation report, and instructed defendant to answer all questions truthfully during the investigation.
Approximately one month later, at defendant's sentencing hearing, the court noted that he failed to admit guilt during his presentence interview with a probation officer, and the court asked defense counsel if he wanted to discuss the discrepancy with defendant. Defense counsel replied, "Yes, I spoke to him yesterday at the jail. He didn't know how to answer that question. Today he is reaffirming his plea. Obviously he was under oath and we are ready for sentence." The court noted that defendant's remarks appeared to violate its instruction that he answer all probation questions truthfully and indicated that it was considering imposing a longer sentence than promised when it accepted his plea. Counsel reiterated that defendant was "reaffirming his plea" and "ready to be sentenced," and stated that defendant "entered the plea voluntarily."
The court then engaged in the following colloquy with defendant:
"THE COURT: I told you that when you responded to the presentence investigation you had to answer [the probation officer's] questions honestly. So you are either lying to me or you were lying to them.
THE DEFENDANT: Your Honor, I stand by what I said in the presentence investigation.
THE COURT: So it's your position then that you lied to me when you took your plea?
THE DEFENDANT: Sir, I wanted to bring forth —
THE COURT: No. I don't want to hear an explanation. I want to hear an answer.
THE DEFENDANT: No, sir.
THE COURT: Okay. Well, they can't both be true so explain to me how that's possible.
THE DEFENDANT: Your Honor, there was certain things that were not said. I do stand by what I told the presentencing investigation.
THE COURT: It's your position then you are not guilty in this case?
THE DEFENDANT: Sir, no. I knew what I was doing was illegal.
THE COURT: What is it that you did that was illegal?
THE DEFENDANT: Your Honor, I went to go pick up money from two clerks that owed a drug dealer. I was under the direction of [a] . . . multi drug task force agent. I believe you have a ["]your eyes only["] folder in front of you from what the presentencing investigation said to me. That is how they were paying the drug dealer.
THE COURT: When you took a plea before me, . . . you admitted to me that on August 27, 2019 you forcibly stole property from an employee at 7-Eleven.
THE DEFENDANT: Yes, sir. I knew it was illegal, sir. That is why I'm pleading.
THE COURT: That's not what you said to the person in the presentence investigation. You said you did not rob anyone and that the video footage from the 7-Eleven shows you high-fiving him after the robbery.
THE DEFENDANT: That is correct, sir. It was illegal. I knew —
THE COURT: You can't have it both ways, . . . either you robbed somebody or you didn't. I'm not in the business of taking pleas and sentencing people that are not guilty.
THE DEFENDANT: Your Honor, I am guilty."
Following this exchange, defense counsel repeated that defendant "voluntarily entered this plea." Then, immediately before the court imposed sentence, and in response to the court's inquiry, defendant stated that he had nothing else to say. The court sentenced defendant in accordance with the plea agreement.
The Appellate Division affirmed, concluding that defendant's challenge to the voluntariness of his guilty plea based on his statements at sentencing was not preserved, because he did not move to withdraw the plea or vacate the judgment of conviction (225 AD3d 1285, 1286 [4th Dept 2024]). A Judge of this Court granted defendant leave to appeal (43 NY3d 932 [2025]).
Defendant asserts that: (1) we may review his challenge to the guilty plea, because preservation was not required under People v Lopez (71 NY2d 662, 666 [1988]); (2) defendant's statements at sentencing negated the use of force element of the second-degree robbery charge to which he pleaded guilty, placing the validity of the plea in question and triggering the court's duty to inquire further; and (3) the court's inquiry at sentencing was insufficient to establish that defendant's plea was knowing and voluntary.
The Appellate Division is split on whether a defendant must preserve a claim that their guilty plea was not knowing and voluntary based on statements they made at sentencing that place the validity of their plea in question. The First and Third Departments have held that preservation is not required under our caselaw, while the Second and Fourth Departments have required preservation by a motion to withdraw the plea or vacate the judgment of conviction (compare People v Dupree, 235 AD3d 120, 123 [1st Dept 2025], and People v Gresham, 151 AD3d 1175, 1177-1178 [3rd Dept 2017], with People v Gomez, 171 AD3d 944, 944 [2d Dept 2019], and People v Brown, 204 AD3d 1519, 1519-1520 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]).
We have previously rejected the need to preserve challenges to the voluntariness of a plea based on statements made at sentencing, and defendant's claim is therefore reviewable. When such statements place the validity of the plea in question, the sentencing court has a duty to inquire into whether a defendant understood the nature of the charge and the consequences of their plea. Here, the court fulfilled that duty, taking pains to confirm defendant understood that he pleaded guilty to forcibly taking property, and nothing in the sentencing proceeding colloquy suggested that defendant wished to withdraw his plea. To the contrary, defendant expressly admitted that he was guilty of the charge he pleaded to, and he never disputed counsel's repeated representations that defendant was reaffirming his plea and ready for sentencing.II.
A.
As a general matter, a trial court "has an 'independent obligation' grounded in due process, 'to ascertain whether a defendant is pleading guilty voluntarily' " (People v Scott, 44 NY3d 302, 308 [2025], quoting People v Peque, 22 NY3d 168, 193 [2013]). "That obligation includes an affirmative duty to ensure that the record is clear that the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant" (id. [internal quotation marks omitted]). In order to preserve a challenge to the voluntariness of a guilty plea, a defendant generally must move either to withdraw the plea under CPL 220.60 (3) or to vacate the judgment of conviction under CPL 440.10 (see People v Williams, 27 NY3d 212, 219-220 [2016]; Lopez, 71 NY2d at 666). "The failure to make the appropriate motion denies the trial court the opportunity to address the perceived error and to take corrective measures, if needed" (Lopez, 71 NY2d at 666). As the majority recognizes, a defendant's statements at the sentencing hearing can be the basis for either motion (see majority op at 6; see also People v Billingsley, 54 NY2d 960, 961 [1981] [affirming denial of post-sentencing motion to vacate the judgment of conviction because plea allocution was adequate and the defendant's post-plea assertion of innocence based on a self-defense theory asserted at sentencing did not vitiate the plea's validity]).
In Lopez, the Court adopted a "narrow exception to the preservation requirement" (71 NY2d at 666). In the "rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, . . . the trial court has a duty to inquire further to ensure that [the] defendant's guilty plea is knowing and voluntary" (id.). In such cases, "the court may not accept the plea without making further inquiry to ensure that [the] defendant understands the nature of the charge and that the plea is intelligently entered" (id.). If the trial court fails to conduct a sufficient inquiry, "the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal [post-allocution] motion was not made" (id., citing Beasley, 25 NY2d 483 and People v Serrano, 15 NY2d 304 [1965]). Mechanical application of the preservation rule in such circumstances serves no institutional goal, because the court's attention "should have been instantly drawn to the problem, and the salutary purpose of the preservation rule is arguably not jeopardized" (id.).
In Beasley, the Court pronounced a general rule that a "court should conduct a hearing when at plea-taking or upon sentencing it appears the defendant misapprehends the nature of the charges or the consequences of [their] plea" (25 NY2d at 488). Applying this rule, the Beasley Court held that the trial court had to conduct a hearing to determine whether the defendant's plea to first-degree manslaughter was knowing and intelligent, based on defendant's statement at sentencing, together with defense counsel's statements at the plea proceeding (25 NY2d at 484, 487-488). In that case, defense counsel informed the court at the plea proceeding that "the defendant has had the plea explained to him," and that "after some misunderstanding at first," defense counsel believed that the defendant "s[aw] now or underst[ood] what the Law is, insofar as this plea is concerned" (id. at 484-485). The court questioned the defendant directly to ensure there was no misunderstanding and, based on the defendant's statements, accepted his plea (id. at 484-485). At sentencing, defense counsel read a statement that the defendant prepared, denying that the defendant had assaulted the victim (id. at 486). The trial court did not conduct any inquiry based on the defendant's statement, and the defendant did not make a post-allocution motion to withdraw his plea (see id. at 486-487). On an appeal reviewing the denial of defendant's "writ of error Coram nobis," this Court concluded that the defendant's statement at sentencing could be interpreted as negating an element of the crime of manslaughter (id. at 487).
Defense counsel's statements at the plea proceeding also clarified the full significance of the defendant's "ambiguous" statement at sentencing—namely, that defendant might not have "understood the nature of the charge" (id. at 488). It was "[t]his combination of ambiguities" during the plea and sentencing proceedings, together, that "mandate[d]" that the trial court conduct a hearing (id.). The Court therefore remitted the case to the trial court, reasoning that the court had not fulfilled its duty to inquire further once [*5]the defendant's statements suggested "that a plea had been entered when elements of the crime were missing" (id. at 487-488, citing Serrano, 15 NY2d 304).
The Beasley rule—which imposes a duty to inquire when "upon sentencing it appears the defendant misapprehends the nature of the charges or the consequences of [their] plea"—does not require a defendant to preserve a challenge to the validity of a guilty plea (id., citing Nixon, 21 NY2d 338). While the defendant in Beasley did in fact preserve his challenge to his guilty plea by moving to vacate the judgment through a "writ of error Coram nobis" (id. at 484), the Court did not rely on that fact in formulating its general rule regarding the duty to inquire. Rather, the defendant's statements at the sentencing and plea proceedings triggered the court's duty to inquire, not defendant's act of preserving the argument (id. at 487).
The majority's holding unfortunately disregards the Beasley rule, despite the rule's firm grounding in precedent (see majority op at 6 [holding "that statements made at sentencing challenging the factual basis of a plea do not trigger the duty to inquire"]). Beasley's citation to People v Nixon in particular confirms that there is a strong doctrinal basis for the rule that claims based on sentencing statements challenging the factual basis of a plea are not subject to preservation (id.). In Nixon, the defendant pleaded guilty to second-degree manslaughter, but later told the sentencing court that he had acted in self-defense (21 NY2d at 346). The sentencing court asked the defendant if he wished to withdraw his plea (id.). After consulting with counsel, the defendant stated unequivocally that he had no defense, and the court imposed sentence (id.). On appeal, the defendant argued that the sentencing court never questioned him about the factual basis for his plea even though his statements indicated that he might have a defense (id.). The Court reached and rejected the merits of the defendant's claim despite his not moving to withdraw his plea (id. at 350).
More recently, we reaffirmed the rule from Beasley in Pastor (28 NY3d at 1090-1091). In that case, the Court concluded that the defendant's challenge to his guilty plea was unpreserved and the Lopez exception did not apply because the "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a justification defense" (id. [emphasis added]). The Court would have had no reason to evaluate statements made during "the sentencing proceeding" in Pastor—or in Beasley—if such statements did not trigger the court's duty to inquire.
Although there is a split among the Appellate Division departments on this issue, the First and Third Department correctly apply our rule, holding that a court must conduct an inquiry if it appears at sentencing that the defendant does not understand their charge or the consequences of the plea (see Gresham, 151 AD3d at 1178 ["(T)he Court of Appeals has recognized that a defendant may negate an element of the crime to which a plea has been entered or make a statement suggestive of an involuntary plea at post-plea proceedings, including sentencing, which may require the trial court to then conduct a further inquiry or give the defendant an opportunity to withdraw the plea" (emphasis added)]; Dupree, 235 AD3d at 123 ["(T)he court's obligation (to inquire) extends to comments during the plea colloquy or the sentencing proceeding" (internal quotation marks omitted)]).B.
"[O]nce a court has decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision" (People v Bing, 76 NY2d 331, 337-338 [1990]). This doctrine of stare decisis "rests upon the principle that a court is an institution, not merely a collection of individuals, and that governing rules of law do not change merely because the personnel of the court changes" (id. at 338). "Stare decisis promotes predictability in the law, engenders reliance on our decisions, encourages judicial restraint and reassures the public that our decisions arise from a continuum of legal principle rather than the personal caprice of the members of this Court" (Peque, 22 NY3d at 194). A "compelling justification [to overrule precedent] may arise when the Court's prior holding 'leads to an unworkable rule, or . . . creates more questions than it resolves' " (Peque, NY2d at 194, quoting People v Taylor, 9 NY3d 129, 149 [2007]), or when " 'a preexisting rule, once thought defensible, no longer serves [*6]the ends of justice or withstands the cold light of logic and experience' " (id., quoting Policano v Herbert, 7 NY3d 588, 604 [2006]). No party has asked us to overrule Beasley and the majority furnishes no colorable reasons to do so. Thus, Beasley is controlling, and defendant's challenge to his guilty plea, based on his statements at sentencing that he claims negate the use of force element of second-degree robbery, falls within the Lopez exception to our preservation requirement (Lopez, 71 NY2d at 666).C.
Even if we had not already applied a preservation exception to claims based on statements made at sentencing, logic and policy considerations support such an exception. First, a court's constitutional duty to ensure the validity of a guilty plea applies with no less force at sentencing than at the time of the plea. There is no legally meaningful distinction between these two proceedings with respect to the duty to protect a defendant's due process rights (see Scott, 44 NY3d at 308-309; Peque, 22 NY3d at 193 [same]). If a defendant makes a statement suggesting that they do not understand the charge or the consequences of pleading guilty, a court cannot impose sentence until it assures itself that the defendant's plea is voluntary and knowing (see Beasley, 25 NY2d at 477-488). A court discharges that duty by making a further inquiry, and "it [is] immaterial that no motion to withdraw the plea ha[s] been made" (id. at 488, citing Serrano, 15 NY2d at 309). At a minimum, a court should assure itself that the defendant does not want to withdraw the plea.
Second, because defendants generally are represented at sentencing but are not always entitled to appointment of counsel to prepare a motion to vacate a conviction pursuant to CPL 440.10, the constitutional rights of a defendant are best protected by requiring the court to conduct a further inquiry at sentencing—the very time a defendant makes statements placing the validity of the plea in question.
Third, requiring preservation by motion for claims based on a defendant's statements at sentencing does not further the institutional goals that justify our preservation requirement in the first place. We impose preservation to avoid "untoward delay" in criminal proceedings and preserve "limited judicial resources" (Lopez, 71 NY2d at 665). Those goals are achieved when "the trial court [has] the opportunity to address the perceived error and . . . take corrective measures" at the earliest possible opportunity (id. at 665-666). Once the court is alerted to a potential problem with the plea, there is no basis to delay its inquiry. The same is true when a defendant makes a statement at sentencing that places the validity of the plea in doubt. The duty to inquire is triggered in such cases because those statements should instantly draw the court's attention to the problem (id. at 666).
A primary objection to applying Lopez to claims based on statements made at sentencing is a pragmatic one, namely, the concern that it may incentivize defendants to make ambiguous statements and refrain from formally moving to withdraw their pleas or to vacate their convictions (see Brown, 204 AD3d at 1520 [commenting that extending the Lopez exception to sentencing would "incentivize( ) defendants to forgo formal plea-withdrawal motions" and "would effectively afford every defendant the unfettered option to withdraw (their) guilty plea at sentencing simply by negating an element of the pleaded-to crime and thereafter refusing to offer the follow-up assurances contemplated by Lopez"]). That concern is overstated. First, ensuring the validity of a guilty plea is a constitutional requirement that protects a defendant's due process rights and the integrity of pleas generally. These individual and institutional interests supersede the preservation bar that the majority imposes, grounded solely in prudential concerns. Second, even when a defendant makes a motion to withdraw their plea at sentencing, the court must decide the motion on the record as it stands at that point, including statements that the defendant makes during the sentencing proceeding. This obviates any concern that the Beasley rule incentivizes defendants to undermine their guilty pleas at sentencing. Moreover, if a defendant's statements suggest a problem with their plea, the court can always inquire into whether the defendant wishes to make a motion to withdraw and, if appropriate, adjourn sentencing to allow them to file a written motion. If the defendant does not wish to submit a motion and relies on the statements at sentencing, the court should inquire further and ultimately render a decision [*7]whether or not to proceed to sentencing—a decision that is subject to appellate review. Either the record supports the defendant's claim or it does not. The expenditure of judicial resources is the same, regardless. In other words, if the court fulfills its obligation to ascertain that a defendant is pleading guilty knowingly and voluntarily, it may overcome the procedural hurdles that the majority relies on to foreclose a defendant's claim entirely. There is no justification for mechanical adherence to a preservation rule that does not protect the rights of defendants or assist the court's deliberative process. Such a rule is antithetical to a fair and just criminal law system.III.
Turning to the merits of defendant's challenge to his guilty plea here, defendant correctly asserts that his statements at sentencing negated the use of force element of the crime. Repeating what he had stated during his presentence investigation interview, defendant told the court at sentencing that at the time of the crime, he was working for law enforcement and went to the store to collect money from the employees that they owed to a drug dealer. Defendant further suggested that the video of the crime showed that he did not use force. The court stated to both counsel and defendant that by making these statements, defendant had denied guilt.
Defendant's statements triggered the court's duty to inquire further as to whether defendant understood the nature of the crime and the consequences of his plea. The court complied with its duty by engaging in a thorough colloquy with defendant. The court asked defendant pointedly if he was taking the position that he was not guilty, and defendant answered he was guilty. When the court continued to press defendant on whether his statements to the court at the time of the plea were true, defendant stated several times that he knew his conduct was illegal. On the specific issue of whether defendant was negating an element of the crime, the court reminded defendant that during his plea, he admitted to forcibly stealing property from the convenience store employee. Defendant responded, "I knew it was illegal, sir. That is why I'm pleading." Finally, when the court told defendant, "You can't have it both ways, . . . either you robbed somebody or you didn't. I'm not in the business of taking pleas and sentencing people that are not guilty," defendant replied: "Your Honor, I am guilty."
Contrary to defendant's claim, the court's inquiry was not inadequate, even though the court failed to expressly ask defendant if he wished to withdraw his plea. The court could have asked though it would have been unnecessary, as none of defendant's responses to the court's inquiries even obliquely suggested that he was disavowing his plea. Moreover, defense counsel twice informed the court that defendant was reaffirming the plea and was ready for sentencing. At the end of the court's colloquy with defendant, counsel further avowed that defendant voluntarily entered the plea. Although the court had to direct its inquiry to defendant, notably defendant never objected to or disputed counsel's representations to the court.
As the record shows, the court fulfilled its duty to inquire into whether defendant understood the nature of the charge and the consequences of the plea. Therefore, the Appellate Division's order should be affirmed.
Order affirmed. Opinion by Judge Troutman. Judges Garcia, Singas, Cannataro and Halligan concur. Judge Rivera concurs in result in an opinion, in which Chief Judge Wilson concurs.
Decided February 19, 2026