People v Santiago (2026 NY Slip Op 01658)

People v Santiago

2026 NY Slip Op 01658

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

105 KA 23-01101

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vANDRES SANTIAGO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
JOHN NABINGER, DISTRICT ATTORNEY, WATERLOO (KEVIN URBAITIS OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered May 31, 2023. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment that, upon his admission that he violated the terms and conditions of probation, revoked the sentence of probation previously imposed upon his conviction of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and sentenced him to a determinate term of imprisonment, followed by a period of postrelease supervision. In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and sentencing him to a determinate term of imprisonment, followed by a period of postrelease supervision. Defendant admitted the violation of probation and pleaded guilty in a single proceeding.
Defendant contends in each appeal that his limited educational background and his family's history of mental health issues, coupled with his purported monosyllabic responses to County Court's inquiries during the plea and admission proceeding and a statement he later made to a probation officer during the presentence investigation, demonstrate that his plea and his admission were not voluntarily, knowingly, and intelligently entered. Although defendant retains the right to appellate review of his challenges to the voluntariness of his plea and his admission regardless of the validity of any waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied 589 US 1302 [2020]; People v Fairman, 38 AD3d 1346, 1347 [4th Dept 2007], lv denied 9 NY3d 865 [2007]), defendant correctly concedes that his challenges are not preserved for our review because he did not move to withdraw his plea or his admission or to vacate the judgments (see People v Boyde, 224 AD3d 1306, 1306-1307 [4th Dept 2024], lv denied 41 NY3d 1017 [2024]; People v Eppolito, 126 AD3d 1536, 1536 [4th Dept 2015]; see generally People v Rios, — NY3d —, —, 2026 NY Slip Op 00963, *1-3 [2026]; People v Lopez, 71 NY2d 662, 665 [1988]). Contrary to defendant's contention, the narrow exception to the preservation rule set forth in Lopez (71 NY2d at 666) does not apply in this case. Defendant said "[n]othing . . . during the plea [and admission] colloquy itself" that negated an element of the pleaded-to crime or the violation of probation or otherwise called into doubt the voluntariness of his plea or his admission (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see People v Edmonds, 229 AD3d 1275, 1276 [4th Dept 2024], lv denied 43 NY3d 930 [2025]; People v Schmiege, 173 AD3d 1685, 1686 [4th Dept 2019], lv denied 34 NY3d 937 [2019]), and the court therefore had no duty to further inquire prior to accepting the plea and the admission (see Rios, — NY3d at —, 2026 NY Slip Op 00963, *1-3; Lopez, 71 NY2d at 666). Moreover, contrary to defendant's assertion, "a trial court has no duty, [*2]in the absence of a motion to withdraw a guilty plea [or admission], to conduct a further inquiry concerning the . . . voluntariness [of a plea or admission] . . . based on information in a presentence report" (People v Harper, 229 AD3d 1146, 1147 [4th Dept 2024], lv denied 42 NY3d 1020 [2024] [internal quotation marks omitted]; see People v Brown, 204 AD3d 1519, 1519-1520 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; Mobayed, 158 AD3d at 1222-1223; see generally Rios, — NY3d at —, 2026 NY Slip Op 00963, *1-3). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Boyde, 224 AD3d at 1307).
We reject defendant's further contention in each appeal that he did not validly waive his right to appeal during the plea and admission proceeding. Here, the oral waiver colloquy, which followed the appropriate model colloquy, establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Greenfield, 239 AD3d 1467, 1467 [4th Dept 2025], lv denied 44 NY3d 982 [2025]; see generally Thomas, 34 NY3d at 559-564). Contrary to defendant's assertion, " '[t]he fact that the appeal waiver was not reduced to writing is of no moment where, as here, the oral waiver was adequate' " (People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; see People v Lopez, 6 NY3d 248, 257 [2006]; People v Thomas, 237 AD3d 1557, 1558 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]).
We conclude that defendant's valid waiver of the right to appeal forecloses our review of his challenge to the severity of the sentence imposed on the conviction upon his guilty plea in appeal No. 2 (see Lopez, 6 NY3d at 255-256; People v Seaberg, 74 NY2d 1, 9-10 [1989]). We further conclude, however, that the waiver does not foreclose our review of defendant's challenge to the severity of the sentence imposed in appeal No. 1 because the record fails to establish that the waiver applied to defendant's admission that he violated the terms and conditions of probation (see People v Turner, 174 AD3d 1123, 1125 [3d Dept 2019], lv denied 34 NY3d 985 [2019]; People v Jones, 118 AD3d 1361, 1362 [4th Dept 2014]). Although the waiver was discussed at the outset of the proceeding as a condition of the global agreement under which defendant would both plead guilty to the new charge and admit his violation of probation, the court did not elicit the waiver during the admission colloquy and then explained the waiver during the plea colloquy exclusively as a condition of the plea (see Turner, 174 AD3d at 1125 n 3). Nonetheless, the sentence imposed in appeal No. 1 is not unduly harsh or severe.
Finally, with respect to appeal No. 2, we note that the plea and admission proceeding and the sentence reflect defendant's status as a second felony drug offender (Penal Law § 70.70 [1] [b]), and the record thus confirms that the court merely misstated during sentencing that defendant was a second felony offender rather than a second felony drug offender (see People v Williams, 235 AD3d 1250, 1250 [4th Dept 2025], lv denied 43 NY3d 1012 [2025]; People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Inasmuch as the uniform sentence and commitment form incorrectly states that defendant was sentenced as a second felony offender, it must be amended to reflect that he was sentenced as a second felony drug offender (see Williams, 235 AD3d at 1250; Giles, 219 AD3d at 1707).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court