People v Cuevas
2026 NY Slip Op 03640
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Julio Cuevas, Defendant-Appellant.

Decided and Entered: June 09, 2026
Ind. No. 138/19|Appeal No. 6818|Case No. 2020-02150|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

The Legal Aid Society, New York (Mary-Kathryn Smith of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Nicholas Iacoveta, J.), rendered February 27, 2020, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 2½ years, unanimously affirmed.
Defendant asserts that Supreme Court should have engaged in a more detailed inquiry at sentencing concerning defendant's statement, made during his presentence investigation interview, that he was not guilty and wanted to retract his guilty plea.Defendant asserts, for the first time, that the court's failure to engage in a more searching dialogue on this point renders the plea invalid. This claim is unpreserved (see People v Rios, — NY3d —, 2026 NY Slip Op 00963, *3 [narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]), does not apply to a defendant's "postplea statements at sentencing challenging the factual basis of his plea"]). Moreover, defendant neither "moved to withdraw the plea under CPL 220.60(3) [n]or to vacate the judgment of conviction under CPL 440.10" (see Rios, 2026 NY Slip Op 00963, *1, 3). In any event, defense counsel statedat sentencing that defendant admitted his guilt and was trying to get drug treatment. Moreover, in response to the court's inquiry, "Mr. Cuevas, you do not wish to take back your guilty plea, is that correct?" defendant answered "yes." The record on appeal does not cast doubt on the voluntariness of defendant's plea but merely reflects defendant's desire for another opportunity for treatment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026