People v Hinds
2026 NY Slip Op 03700
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jaime L. Hinds, Appellant.

Decided and Entered:June 11, 2026
CR-23-1933
Calendar Date: May 27, 2026
Before: Aarons, J.P., Pritzker, Ceresia, Fisher And Mcshan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Michael P. Langey, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

[*1]
McShan, J.
Appeals (1) from a judgment of the County Court of Essex County (Richard Meyer, J.), rendered July 24, 2023, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree, and (2) from a judgment of said court, rendered July 24, 2023, convicting defendant upon her plea of guilty of the crime of conspiracy in the fourth degree.
In July 2022, defendant was charged in a six-count indictment with offenses related to her possession and sale of cocaine on multiple occasions. She was thereafter arrested on charges stemming from her involvement in an August 2022 home invasion robbery. Defendant appeared at a combined plea proceeding in January 2023 to resolve both sets of charges. In satisfaction of the indictment, defendant pleaded guilty to the reduced charge of criminal sale of a controlled substance in the fourth degree and waived her right to appeal both orally and in writing. In satisfaction of the charges relating to the August 2022 incident, she waived indictment, pleaded guilty to a superior court information charging her with conspiracy in the fourth degree and waived her right to appeal both orally and in writing. Defendant entered those pleas with the understanding that she would be sentenced, as a second felony drug offender, to seven years in prison, to be followed by three years of postrelease supervision, on the drug sale conviction, and to a consecutive term of 1½ to 3 years in prison on the conspiracy conviction. County Court warned defendant, however, that it would not be bound by that sentencing commitment and that she faced up to eight years in prison on the drug sale conviction, as well as up to 2 to 4 years in prison on the conspiracy conviction, if she, among other things, failed to appear for sentencing.
Defendant failed to appear for sentencing in February 2023, and bench warrants were issued for her arrest. Upon her return to court in July 2023, County Court sentenced defendant to, among other things, consecutive terms of eight years in prison, to be followed by three years of postrelease supervision, on the drug sale conviction and 2 to 4 years in prison on the conspiracy conviction. Defendant appeals from both judgments of conviction.
We affirm. Defendant solely challenges the validity of her guilty plea to conspiracy in the fourth degree, suggesting that County Court failed to sufficiently inquire into potential defenses to that charge during the plea colloquy and that she later made statements during the presentence interview that called her intent to commit the offense into question (see Penal Law § 105.10 [1]). Although that challenge survives defendant's unchallenged appeal waiver, it is unpreserved given her admitted failure to pursue it in an appropriate postallocution motion (see People v Clay, 245 AD3d 994, 995 [3d Dept 2026], lv denied 45 NY3d 935 [2026]; People v Goodwalt, 205 AD3d 1070, 1072 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). Our review of [*2]the record confirms that defendant made no statements during the plea proceedings that were inconsistent with her guilt or would otherwise call the voluntariness of her plea into question so as to fall within the narrow exception to the preservation rule (see People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *1-2 [2026]; People v Host, 248 AD3d 1505, ___, 254 NYS3d 356, 358 [3d Dept 2026]). Defendant's statements during the presentence investigation did not, contrary to her suggestion, implicate that exception and demand further inquiry (see People v Rios, ___ NY3d at ___, 2026 NY Slip Op 00963, *3; People v Merritt, 210 AD3d 1209, 1210 [3d Dept 2022]). In any event, as defendant acknowledged during the plea colloquy that she had fully discussed all potential defenses with counsel and was satisfied with his services, then admitted to intentionally engaging in conduct constituting conspiracy in the fourth degree, we would be satisfied that her plea was knowing, intelligent and voluntary (see People v Nisby, 207 AD3d 876, 877-878 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]; People v Dame, 100 AD3d 1032, 1033-1034 [3d Dept 2012], lv denied 21 NY3d 1003 [2013]).
Aarons, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgments are affirmed.